**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2694-19
A-2699-19

2820 MT. EPHRAIM AVENUE,
LLC, and JOHN CALZARETTO,
ESQ.,

      Plaintiffs-Appellants,

v.

MICHAEL E. BROWN, ESQ.,
DEMBO, BROWN &
BURNS, LLP, and MARKEIM-
CHALMERS, INC.,

      Defendants-Respondents.

_____

Argued May 5, 2021 – Decided July 13, 2021

Before Judges Alvarez, Sumners, and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-1007-18.

Gary M. Marek argued the cause for appellants (Law Offices of Gary M. Marek, and Calzaretto & Bernstein, LLC, attorneys; Gary M. Marek and John A. Calzaretto, on the briefs).

John L. Slimm argued the cause for respondent Michael E. Brown, Esq. and Dembo, Brown & Burns, LLP (Marshall, Dennehey, Warner, Coleman & Goggin, attorneys; John L. Slimm, on the brief).

Kristofer B. Chiesa argued the cause for respondent Markeim-Chalmers, Inc. (Sherman, Silverstein, Kohl, Rose & Podolsky, PA, attorneys; Bruce S. Luckman and Kristofer B. Chiesa, on the brief).

PER CURIAM

These appeals were calendared back-to-back and, because they share common facts, we now consolidate them solely for the purpose of issuing a single opinion. In Docket No. A-2699-19, plaintiffs 2820 Mt. Ephraim Avenue, LLC (Mt. Ephraim) and John Calzaretto (Calzaretto) appeal from two orders entered on May 22, 2018 dismissing their claims against defendant Markeim-Chalmers, Inc. (MCI) and the conspiracy claim against defendants Michael E. Brown (Brown) and Dembo, Brown & Burns, LLP (Dembo). In that appeal, plaintiffs raise the following arguments:

> POINT I
>
> BY ITS ORDERS DATED MAY 22, 2018, THE LOWER COURT HAS IGNORED MCI'S OPEN AND BLATANT VIOLATIONS OF PRUDENT OWNER STANDARDS, N.J.S.A. 46A:29-1, ET. SEQ., PERMITTED PRE-FORCED SALE ORDER AND PRE-SALE CRIMINAL, ILLEGAL AND UNLAWFUL ACCESS TO THE PROPERTY RESULTING IN SUBSTANTIAL DAMAGE TO

A-2694-19

PETITIONER BORROWER'S PROPERTY AND OPPOSING THE SALE OF THE PROPERTY TO THE HIGHEST BIDDER; FURTHER, ITS ACTS COULD NOT HAVE BEEN COMMITTED WITHOUT THE JOINT PARTICIPATION OF DBB AND THE RELATED PRINCIPALS.

POINT II

THE LOWER COURT'S GRANTING . . . DEFENDANTS' DISMISSAL OF THE PETITIONERS' CLAIM OF CONSPIRACY . . . AGAINST DBB AND MCI IS MANIFESTLY UNJUST AND PREJUDICES THE SUBSTANTIAL RIGHTS OF THE PETITIONERS SINCE THE FACTS IN THIS PRESENT MATTER CLEARLY DEMONSTRATE THAT THE ELEMENTS OF CONSPIRACY EXISTED AND THAT DBB AND MCI PARTICIPATED IN ITS COMMISSION.

In Docket No. A-2694-19, plaintiffs appeal from a January 24, 2020 order granting summary judgment on the remaining claims against defendants Brown and Dembo. In that appeal, plaintiffs raise the following arguments for our consideration:

POINT I

BY ITS ORDER[] DATED JANUARY 24, 2020, THE LOWER COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF LITIGATION PRIVILEGE.

POINT II

THE LOWER COURT [ERRED] IN FINDING THAT
MICHAEL BROWN'S STATEMENTS WERE NOT
DEFAMATORY.

POINT III

THE LOWER COURT ERRED IN DETERMINING
THAT DEFENDANTS DID NOT [TORTIOUSLY]
INTERFERE WITH PLAINTIFFS' RELATIONSHIP
WITH UNITED FINANCING GROUP AS
[TORTIOUS] INTERFERENCE INCLUDES
[INTERFERENCE] ON A PROSPECTIVE
CONTRACT.

POINT IV

BY ITS ORDER DATED JANUARY 24, 2020, THE
LOWER COURT IGNORED EVIDENCE OF
DAMAGES SUFFERED BY PLAINTIFFS
INDEPENDENT AND APART FROM THE LOSS OF
THE ANTICIPATED VALUE OF NEW JERSEY TAX
CREDITS.

Having carefully reviewed the record, and in light of the applicable law, we affirm, substantially for the reasons set forth in the May 11, 2018 and January 24, 2020 oral opinions of Judge Anthony M. Pugliese. We add the following brief comments.

Although the dispute has a tortured history, we summarize the essential facts that are pertinent to the issues under review. This matter arises from deficiency and foreclosure actions filed by Parke Bank, represented by

defendants Dembo and Brown, due to plaintiffs' failure to repay a $3.75 million loan that was used to finance the purchase of a property in Camden. During the foreclosure action, Parke Bank moved to appoint MCI as the court-appointed receiver with the ability to market and sell the property, subject to court approval. Thereafter, MCI made various good-faith efforts to both lease and sell the property with the approval of the court.

In June 2017, plaintiffs filed an amended complaint in the present matter, asserting claims against MCI for breach of a fiduciary duty, negligence, tortious interference, and conspiracy. Later that month, MCI filed a motion to dismiss. R. 4:6-2. On May 22, 2018, following oral argument, Judge Pugliese dismissed all the claims against MCI. He noted that the lengthy history of the dispute

> indicates a plethora of times when . . . plaintiff[s] in this action, 2820 Mount Ephraim and Mr. Calzaretto[,] challenge[d] [MCI] relative to the actions that they undertook as the [c]ourt-appointed receiver in the matter. And I find that the allegations assessed against [MCI] are nothing more than a rehash of the same matters. Nothing new is being presented.
>
> It has been [argued] on at least three, possibly four or more occasions . . . by the current plaintiffs that [MCI] created waste, did not appropriately manage the property, was negligent in the manner in which they went forward to manage the property and . . . in other ways did not comply and follow the strictures of what their fiduciary duties were, and that they acted

5

negligently. And the [c]ourt has rejected that on every analysis.

So, although under [Rule] 4:6-2, . . . plaintiffs here make a proper allegation, that allegation has been addressed ad nauseam.

The record supports Judge Pugliese's factual findings. In 2015, Judge Nan Famular denied plaintiffs' motion to appoint a new receiver after rejecting the argument that MCI acted improperly in failing to lease the subject property. Indeed, in June 2016, Judge Pugliese noted that MCI "did a professional job . . . despite the aspersions that were cast upon them . . . [I]n terms of [MCI] having an ulterior motive to get paid for work that [t]he [c]ourt's assigned them to do, that falls on deaf ears at this point." In October 2017, Judge David M. Ragonese issued an order granting MCI's request to be discharged because it had "satisfied" its duties reasonably and "lawfully," and that the "allegations of waste and improper conduct . . . against [MCI] have been addressed previously" and rejected. As another judge previously found, MCI's actions were "all presented to the [c]ourt for approval" and, accordingly, the arguments of breach of a fiduciary duty, negligence, and waste had been repeatedly argued and rejected.

Applying our de novo review of a decision to dismiss the complaint under Rule 4:6-2(e), Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010),

6

we find that Judge Pugliese correctly concluded that the present claims against MCI have been "fully litigated." Accordingly, plaintiffs' claims against MCI are barred by the doctrine of collateral estoppel. See Ziegelheim v. Apollo, 128 N.J. 250, 265 (1992) ("The doctrine of issue preclusion, or collateral estoppel, 'bars relitigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action.'" (quoting State v. Gonzalez, 75 N.J. 181, 186 (1977))). For similar reasons, we discern no basis in the record to overturn the dismissal of the claims against MCI for conspiracy.[1]

We turn our attention now to plaintiffs' claims against Brown and Dembo. While MCI was attempting to sell the property, plaintiffs endeavored to settle the matter by purchasing the loan documents with the assistance of United Financial Group, Inc. (UFG), and then selling the property to Mosaic Development Partners LLC (Mosaic). In April 2016, during the course of these efforts, the Director of Sales at UFG called Brown to discuss the possibility of

---

[1] Because Judge Pugliese dismissed the conspiracy claim against MCI, he correctly dismissed the same claim against Brown and Dembo. See Exxon Corp. v. Wagner, 154 N.J. Super. 538, 545 (App. Div. 1977) (a conspiracy requires "a plurality of actors, that is, two or more persons, and concerted action.").

the purchase of the loan documents. During the call, Brown purportedly called Calzaretto a "wannabe gangster."

Plaintiffs contend that Brown's statement that Calzaretto was a "wannabe gangster" was slander per se or, at a minimum, slander. Plaintiffs also claim that this statement constituted tortious interference with their efforts to sell the property. We disagree.

"[A] statement is defamatory if it is false, communicated to a third person, and tends to lower the subject's reputation in the estimation of the community or to deter third persons from associating with him." W.J.A. v. D.A., 210 N.J. 229, 238 (2012) (alteration in original) (quoting Lynch v. N.J. Educ. Ass'n, 161 N.J. 152, 164-65 (1999)). "This question is one to be decided first by the court." Romaine v. Kallinger, 109 N.J. 282, 290 (1988).

It is well-settled that:

> [u]nder New Jersey law, four kinds of statements qualify as slander per se that is defamation that in and of itself injures the person: accusing another (1) of having committed a criminal offense, (2) of having a loathsome disease, (3) of engaging in conduct or having a condition or trait incompatible with his or her business, or (4) of having engaged in serious sexual misconduct.
>
> [Rocci v. Ecole Secondaire Macdonald-Cartier, 165 N.J. 149, 162 (2000) (citing Biondi v. Nassimos, 300 N.J. Super. 148, 154 (App. Div. 1997)).]

A-2694-19

We conclude that the statement "wannabe gangster" does not constitute slander per se because it did not impute a criminal offense, id. at 156, and did not necessarily assign Calzaretto a characteristic that is incompatible with his business or trade.

In any event, we agree with Judge Pugliese that the statement falls within the litigation privilege.  See Feggans v. Billington, 291 N.J. Super. 382, 393 (App. Div. 1996) ("In determining whether the qualified privilege is a defense, it is irrelevant whether the statement at issue was defamatory." (citing Lutz v. Royal Ins. Co. of Am., 245 N.J. Super. 480, 496 (App. Div. 1991))). Notwithstanding plaintiffs' narrow view to the contrary, the litigation privilege is not confined to the courtroom and "extends to all statements or communications in connection with the judicial proceeding."  Ruberton v. Gabage, 280 N.J. Super. 125, 133 (App. Div. 1995).  "The only limitation which New Jersey places upon the privilege is that the statements at issue 'have some relation to the nature of the proceedings.'"  Rabinowitz v. Wahrenberger, 406 N.J. Super. 126, 134 (App. Div. 2009) (quoting Hawkins v. Harris, 141 N.J. 207, 215 (1995)).  We conclude that Judge Pugliese correctly granted Brown and

Dembo's summary judgment motion because the defamation claim was barred by the litigation privilege.[2]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Because the claims for slander and slander per se were properly dismissed, Mt. Ephraim's claim for tortious interference must also fail, as it is based entirely on the alleged defamation.

A-2694-19